[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
Plaintiff brings this action seeking relief by way of mandamus, and asks that the court order a de novo hearing of the plaintiff's workers' compensation claim. Defendant moves to dismiss.
Facts and Allegations
On or about February 15, 1989 plaintiff suffered an injury while in the course and scope of her employment by the City of Hartford (City). She filed a claim with the Workers' Compensation Commission in regard to that injury and after hearing Workers' Compensation Commissioner dos Santos (Commissioner) issued an award on December 4, 1992 dismissing the claim.
Plaintiff has filed an appeal of that award with the Workers' Compensation Review Board because the "Commissioner failed to issue a decision within 120 days as required by the Connecticut General Statutes 31-300."
She seeks here an order in the nature of mandamus for "a hearing de novo."
The Travelers Insurance Company was administrator for the City of Hartford workers' compensation claims at the time of the alleged injury. The City of Hartford and Travelers Insurance Company have an interest in the above-captioned claim entitled Sharon Harper v. City of Hartford, et al.
Neither the City of Hartford nor The Travelers Insurance Company were given notice of the filing of the application.
Law CT Page 5129
I. On trial plaintiff may be able to prove the prejudice she alleges in her Reasons for Appeal to the review division. If she does she may prevail. Besade v. Interstate Security Service, 212 Conn. 441.
II. Process
This proceeding was begun on an application. No summons in the sense anticipated by P. B. 544 was served. For a temporary mandamus a complaint and a motion under oath for a temporary order of mandamus are required. This was not done here although there is an item entitled "Verification of Complaint." That will not suffice.
III. Exhaustion
Plaintiff has an adequate administrative remedy which she is pursuing. She has not yet exhausted that remedy. Until she does, this court does not have jurisdiction. Hyatt v. City of Milford, 26 Conn. App. 194.
Motion to dismiss is granted.
N. O'Neill, J.